IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES TAYLOR,

     Plaintiff,              No. CIV S-08-0349 LKK KJM P

   vs.

STATE OF CALIFORNIA, et al.,

     Defendants.      <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1         The court finds the allegations in plaintiff's complaint so vague and conclusory

2  that the complaint fails to state a claim upon which relief can be granted.  Although the Federal

3  Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

4  state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733

5  F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

6  overt acts which defendants engaged in that support plaintiff's claim.  Id.

7         To the extent plaintiff is attempting to plead violation of the Eighth Amendment

8  based on inadequate medical care, he is advised that he must allege "acts or omissions

9  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

10  Gamble, 429 U.S. 97, 106 (1976).  Plaintiff is also advised that "[P]rison officials have a duty . .

11  . to protect prisoners from violence at the hands of other prisoners" under the Eighth

12  Amendment.  A prison official is not liable, however, "unless the official knows of and

13  disregards an excessive risk to inmate health or safety; the official must both be aware of facts

14  from which the inference could be drawn that a substantial risk of serious harm exists, and he

15  must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994) (internal quotations

16  omitted).  Plaintiff's conclusory claims do not provide sufficient information to allow the court

17  to determine whether the named defendants knew of yet disregarded the risk to plaintiff.

18  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended

19  complaint.

20         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff is informed that to state a claim for

23  conditions of confinement which violate the Eighth Amendment, plaintiff must present facts

24  suggesting he was exposed to a "substantial risk of serious harm," while a defendant displayed

25  "deliberate indifference" to that risk. "  Farmer v. Brennan, 511 U.S. 825, 834 (1991)  Id. at 834.

26  Also, the complaint must allege in specific terms how each named defendant is involved.  There

can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, in which plaintiff was able to get a legible complaint on file, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

/////

4

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  Plaintiff's request for the appointment of counsel is denied without prejudice.

DATED:  June 19, 2008.

_____
U.S. MAGISTRATE JUDGE

1
tayl0349.14(3.7.08)