IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES TAYLOR, | ) | 2: 08-CV-00349 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | SCREENING ORDER DISMISSING |
| vs. | ) | FIRST AMENDED COMPLAINT WITH |
| | ) | PREJUDICE |
| STATE OF CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE

I.      INTRODUCTION.

Plaintiff Charles Taylor is a state prisoner proceeding pro se. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this court "screens" Taylor's amended Complaint and determines that it has legally frivolous claims and has failed to state a claim. Because Taylor's Complaint cannot be amended to state any viable claim against Defendants, the court dismisses the amended Complaint with prejudice.

On February 15, 2008, Taylor filed a Complaint. Taylor sought relief pursuant to 42 U.S.C. § 1983 and asked to proceed in forma pauperis. On June 20, 2008, the court granted his request to proceed in forma pauperis, dismissed his Complaint because it failed to state a claim, denied his request for the appointment of counsel, and gave him leave to file an amended pleading. On July 21, 2008, Taylor filed his amended Complaint, naming the "State of California C.D.C.-R.," the Associate Warden,

Deputy Warden, and "Captains, Lieutenants, Sergeants, Correctional Officers, Medical Staff, Contract Medical Personnel, and DOES 1-100 . . . employed at for and by the California Correctional Center in Susanville, California," as Defendants.

On January 5, 2009, this case was referred to Magistrate Judge Leslie Kobayashi, but this district judge now addresses this matter.

II.      STANDARD OF REVIEW.

Because Taylor filed the present action as a pro se prisoner, this court must screen his Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

A complaint is frivolous "where it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Lopez v. Dep't of Health Serv.'s, 939 F.2d 881, 882 (9th Cir. 1991) (per curiam)(noting that a "frivolous claim is one which lacks an arguable basis in law or fact").  The term "frivolous" embraces the inarguable legal conclusion, and the fanciful factual allegation.  Williams, 490 U.S. at 325.  A court may dismiss a claim based on an indisputably meritless legal theory, or dismiss a claim whose factual contentions are clearly baseless.  Id. at 327.  An

example of the former is a claim against a defendant who is immune from suit, whereas an example of the latter is a claim describing fantastic or delusional scenarios.  Id.

In determining whether a complaint states a claim, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint).  "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" are not entitled to be assumed true.  Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 555).  When a complaint raises an arguable question of law that is ultimately resolved against the plaintiff, dismissal for failure to state a claim upon which relief may be granted is proper.  Williams, 490 U.S. at 328 (1989).

District courts are "only required to grant leave to amend if a complaint can possibly be saved."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  A court may dismiss an in forma

pauperis complaint with prejudice when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

III.     BACKGROUND.

Taylor is an inmate housed in a prison in Susanville, California.  Taylor sues over actions that allegedly occurred in late December 2006 and January 2007.  Taylor contends that there was ice on "the ground" on December 9, 2006.  Amend. Compl. at 4. He says that supervisors responsible for the "care and welfare of the inmates" failed to order that "salt, gravel, and or other substance to improve walking conditions" be spread on the ground. Id.  He alleges that, as a result of the icy conditions, he slipped and fell, injuring his knee.  Id.  He alleges that, after he received medical treatment for his knee, he noticed that the icy ground "was still untreated; which amounts to 'deliberate indifference' or at least, intentional neglect."  Id.

Other than alleging that failure to salt the ice amounts to deliberate indifference, Taylor's amended Complaint is essentially a timeline of his injuries and his medical treatment. Taylor alleges that, after injuring his knee, he somehow injured his wrist and received medical treatment.  Id.  He then alleges that he injured his toe in January 2007 and received treatment consisting of a "moon boot" and a cane.  Id. at 5.  He contends

4

that this treatment was "so un-caring as to amount to 'deliberate indifference'" on the part of the doctor.  Id.  In late January, he received treatment for a wrist injury.  He contends that the medical record "clearly states that Taylor was not consulted concerning his wrist," which he claims demonstrates "'deliberate indifference,' 'medical negligence,' or simple incompetence." Id.  The next eighteen paragraphs set forth the dates he received medical treatment, and what that treatment entailed.  These paragraphs do not state that he suffered any harm.

He seeks a court order prohibiting "the Doctor(s) and other medical personnel" from practicing medicine.  Id. at 5. He also asks the court to pay for his medical expenses, and he seeks five million dollars in compensatory and punitive damages.  Id.

IV.     ANALYSIS.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988). The court dismisses Taylor's amended Complaint because it contains frivolous claims and because it fails to state any claim upon which relief can be granted.  Any claims against the State of California and the California Department of Corrections and Rehabilitation ("CDCR") are dismissed as frivolous.  Taylor's

three assertions of deliberate indifference are dismissed, as they fail to state a claim upon which relief may be granted.

> A.  Any Claims Against the State of California, the CDCR, and Employees Sued in Their Official Capacities are Dismissed as Frivolous, as These Defendants Cannot be Sued Under § 1983.

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  A state is not a person for the purposes of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989).  Additionally, CDCR, a state department, is not a "person" for purposes of § 1983.  See Will, 491 U.S. at 71; Christman v. Micheletti, 2008 WL 5157493 (9th Cir. Dec. 9, 2008) ("The district court properly dismissed Christman's claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under

6

section 1983."). Thus, any claims against the State of California and the CDCR brought under § 1983 must be dismissed.

Dismissal of the State of California and the CDCR leaves claims against state officials. To the extent Taylor sues state officials in their official capacities for money damages, those claims are dismissed. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) (stating that "state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity").

This court recognizes that a claimant may seek prospective injunctive relief from state officials sued in their official capacities. Id. (noting that when a state official is sued for prospective injunctive relief, "a state official in his official capacity is considered a "person" for § 1983 purposes") (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)). However, the only prospective injunctive relief Taylor seeks is an order that will "[s]top the doctors and other medical personnel that caused the irreparable injuries to me from practicing medicine." Amend. Compl. at 5. This is not relief that this court can grant, even assuming there are grounds to do so. This court is not an issuer of medical licenses, and it is the licensing authority that controls who may practice medicine.

Therefore, to the extent Taylor seeks prospective injunctive relief and asserts any claims in connection therewith, those claims are dismissed.

The court turns now to what may be Taylor's claims for money damages against state employees who are arguably sued in their individual capacities.

> B.  Taylor's Deliberate Indifference Claims are Dismissed as They Fail to State a Claim Upon Which Relief May be Granted.

Construed liberally, Taylor asserts that his right to be free from cruel and unusual punishment was violated on three separate occasions. Two instances concern medical treatment, while a third concerns prison conditions. The two allegations of improper medical treatment are addressed first.

Taylor contends that the doctor who administered medical treatment by giving him a "moon boot and a cane" in mountainous terrain was "deliberately indifferent." Amend. Compl. at 5. He also argues that a doctor's lack of consultation with him during an appointment amounted to deliberate indifference and medical negligence. Id. at 4-5. In essence, Taylor appears to claim that he received inadequate medical care from a doctor on two occasions amounting to medical malpractice. These assertions fail to state a claim upon which relief may be granted.

A prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated if a doctor is deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (noting that a doctor's failure to conduct a differential diagnosis did not rise to the level of deliberate indifference when there was no evidence that the doctor was subjectively aware of the risk of harm to the plaintiff).  To state a claim of deliberate indifference to a serious medical need, the prisoner must first demonstrate the existence of a serious medical condition of which the doctor should have been aware.  Gamble, 429 U.S. at 104-105. A "serious" medical need exists if the failure to treat the prisoner's condition could result in further significant injury, or the unnecessary and wanton infliction of pain.  Id. at 104. The prisoner must also allege the doctor was subjectively aware that the failure to treat or diagnose the patient could create a "substantial risk of serious harm" to the patient.  Chung, 391 F.3d at 1060.  However, mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To the extent Taylor argues that the treatment he received, such as the moon boot and cane, was improper and violated his Eighth Amendment rights, this claim fails.  As stated above, a claim that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Gamble, 429 U.S. at 106.  The question of whether the proper form of treatment was given "is a classic example of a matter for medical judgment."  Id. at 107.  A medical decision to give a certain type of treatment, such as a moon boot or a cane, even if not the best decision, is not, without more, evidence of an Eighth Amendment violation.  Id.  At most, it is medical malpractice, which is insufficient to establish an Eighth Amendment violation.  Id.

To the extent Taylor argues that the alleged lack of consultation during a doctor's appointment amounts to deliberate indifference on the part of the doctor, that claim also fails.  Taylor has not alleged that he had any serious medical need, that he suffered any harm from this lack of consultation, or that the doctor was subjectively aware that failure to consult with Taylor could result in harm.  Even if the doctor was negligent in failing to consult with Taylor, that negligence alone does not

10

rise to the level necessary to support an Eighth Amendment violation.  Gamble, 429 U.S. at 106.

Taylor also alleges that Defendants were deliberately indifferent when Defendants did not salt "the ground" after he slipped.  Amend. Compl. at 4.  This appears to be a challenge to the conditions of his confinement.  Such conditions are subject to scrutiny under the Eighth Amendment.  Helling v. Mckinney, 509 U.S. 25, 32 (9th Cir. 1993).  A plaintiff must make two showings when challenging the conditions of confinement.  First, "the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Only those "deprivations denying the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.  Lewis, 217 F.3d at 731.  The court considers the circumstances, nature, and duration of a deprivation to determine whether a constitutional violation occurred.  Id.  Second, the plaintiff must make a subjective showing that the prison official acted "with a sufficiently culpable state of mind."  Id.  The plaintiff must allege that the defendant "knows of and disregarded an excessive risk to inmate health or safety."  Id. at 733.

11

Taylor's allegations do not satisfy either prong of an Eight Amendment violation regarding the conditions of confinement.  He appears to claim that Defendants violated the Eighth Amendment by failing to salt the ground on one occasion after he slipped and fell.  A failure to salt the ground on one occasion does not constitute an Eighth Amendment violation.  Nor does Taylor allege that any Defendant knew of and disregarded the risk that he might be injured again.  For example, he does not allege that this failure was the fault of Defendants who were aware of his prior injury.  And even if the same Defendants were involved, he does not allege that they were more than negligent, or that he himself suffered additional injury from this particular failure.

The deficiencies in Taylor's claims cannot be cured by the allegation of additional facts.  Taylor alleges facts that, at most, might support a negligence claim, which is not sufficient to establish an Eighth Amendment violation.  <u>Chung</u>, 391 F.3d at 1055.  Because these deficiencies cannot be cured, the court dismisses the claims with prejudice.

V.        CONCLUSION.

Because Taylor has asserted legally frivolous claims and has failed to state a claim upon which relief may be granted, the court dismisses his amended Complaint and this action with prejudice and directs the Clerk of Court to close the case. Taylor should be aware that this action may count as a strike under § 1915(g) for any future civil action he may bring.

IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2009.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Taylor v. State of California, et. al, 2: 08CV349 SOM; SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE.

13